UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DELSANTO,<br><br>    Plaintiff<br><br>V.<br><br>NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE GROUP BENEFIT SOLUTIONS, LIFE INSURANCE COMPANY OF NORTH AMERICA, AND CITIZENS BANK, N.A. GROUP POLICY,<br><br>    Defendants | CIVIL ACTION NO. |

**COMPLAINT**

1. Plaintiff, William DelSanto ("Mr. DelSanto"), brings this action against the Defendants, New York Life Insurance Company ("New York Life"), New York Life Group Benefit Solutions ("NYLGBS") Life Insurance Company of North America ("LINA"), and the Citizens Bank, N.A. Group Policy ("Plan") (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Mr. DelSanto is a participant in an ERISA welfare benefit plan insured by New York Life and administered by NYGBS and LINA

2. Mr. DelSanto is filing this action to: 1) recover long-term disability ("LTD") benefits due to him under his employer's Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, 12% interest, costs and attorneys' fees.

3. Mr. DelSanto challenges the Defendants': 1) unreasonable and unlawful termination of Mr. DelSanto's LTD benefits despite the substantial medical and vocational evidence demonstrating Mr. DelSanto's qualification for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Mr. DelSanto's disability in an effort to limit Defendants' financial exposure for Mr. DelSanto's claim; 3) failure to provide Mr. DelSanto with a full and fair review of his claim for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a reasonable decision on the merits of Mr. DelSanto's LTD claim.

## PARTIES

4. Mr. DelSanto is a resident of West Warwick, Rhode Island. Mr. DelSanto is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Mr. DelSanto has standing to bring this action under 29 U.S.C. § 1132(a).

5. The defendant, New York Life, is a for-profit insurance company, with its principal place of business in New York, New York. New York Life transacts business in Massachusetts and administers the Plan under which Mr. DelSanto is suing. New York Life is the party responsible for processing claims made under the Plan and making a final determination as to Mr. DelSanto's eligibility for benefits.

6. The defendant, NYLGBS, is a for-profit insurance company, with its principal place of business in New York, New York. NYLGBS transacts business in Massachusetts and administers the Plan under which Mr. DelSanto is suing. NYLGBS is the party responsible for processing claims made under the Plan and making a final determination as to Mr. DelSanto's eligibility for benefits.

7. The defendant, LINA, is a for-profit insurance company, with its principal place of business in Philadelphia, Pennsylvania. LINA transacts business in Massachusetts, has offices in Massachusetts, and administers the Plans under which Mr. DelSanto is suing. LINA is the party responsible for processing claims made under the Plan and making a final determination as to Mr. DelSanto's eligibility for benefits.

8. At all times relevant to the claims asserted in this Complaint, Defendants New York Life, NYLGBS, and LINA, purported to act as ERISA claims fiduciaries with respect to participants of the Plan generally, and specifically with respect to Mr. DelSanto, within the meaning of ERISA.

9. The Plan under which Mr. DelSanto is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**Relevant Plan Terms.**

10. As an employee of Citizens Bank, N.A., Mr. DelSanto was eligible for LTD coverage under a contract of insurance with New York Life.

11. The Plan provision defining disability states:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

 1. unable to perform the material duties of his or her Regular Occupation; and
 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

 1. unable to perform the material duties of any occupation for which her or she is, or may reasonably become qualified based on education, training or experience; and
 2. unable to earn 80% or more of his or her Indexed Earnings.

12. The Plan has a "Limited Benefit Periods for Mental or Nervous Disorders" provision, which states:

    The Insurance Company will pay Disability Benefits on a limited basis during an Employee's lifetime for a Disability cause by, or contributed to by, any one or more of the following conditions. Once 24 monthly Disability Benefits have been paid, no further benefits will be payable for any of the following conditions:

    1. Anxiety disorders
    2. Delusional (paranoid) disorders
    3. Depressive disorders
    4. Eating disorders
    5. Mental Illness
    6. Somatoform disorders (psychosomatic illness)

    If, before reaching his or her lifetime maximum benefit, an Employee is confined in a hospital for more than 14 consecutive days, that period of confinement will not count against his or her lifetime limit. The confinement must be for the Appropriate Care of any of the conditions listed above.

13. Neither the Plan, LINA, NYLGBS, nor New York Life has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

14. Mr. DelSanto has met his burden of proving that he meets the Plan standard for disability and is therefore eligible for LTD benefits under the terms of the Plan.

15. The Plan does not confer discretion on New York Life, NYLGS, nor LINA to determine eligibility for benefits or to interpret the terms of the Plan.

**Mr. DelSanto's Claim for LTD Benefits.**

16. Ms. DelSanto's last day of work at Citizens Bank, N.A., was September 4, 2018.

17. Mr. DelSanto ceased working because his medical condition resulted in symptoms that functionally limited his ability to perform on a full - or part-time basis, the duties of his own or any occupation.

18. Mr. DelSanto applied for and was granted short-term disability benefits from LINA following his last day worked.

19. On or about February 2019, Mr. DelSanto applied for and was granted LTD benefits from LINA.

20. LINA paid Mr. DelSanto LTD benefits from March 17, 2019 through March 17, 2021, determining that he met the Plan definition of Disability.

21. On January 1, 2021, New York Life took over LINA's disability benefits division.

22. On March 24, 2021, New York Life terminated Mr. DelSanto's benefits as of March 17, 2021, even though his condition had not improved for the better.

23. New York Life's assertion that Mr. DelSanto was no longer disabled was unreasonable and unsupported by the substantial evidence in New York Life's possession.

24. On or about September 20, 2021, Mr. DelSanto appealed New York Life's March 24, 2021 decision to terminate his benefits.

25. On March 24, 2022, Mr. DelSanto, through counsel, filed a formal appeal of New York Life's decision to terminate his LTD benefits.

26. As part of his appeal, Mr. DelSanto submitted medical records and reports from his treating physicians, documenting his ongoing functional limitations due to his illness as part of his appeal.

27. On July 21, 2022, New York Life upheld its decision to terminate Mr. DelSanto's benefits based solely on a paper review completed by Christopher Contardo, Ph.D.

28. New York Life did not perform a complete vocational assessment prior to terminating Mr. DelSanto's benefits or during its review of his appeal.

29. New York Life never requested that Mr. DelSanto undergo an in-person evaluation by an independent physician even though the Plan provides Mr. DelSanto with this right, and despite the fact that Mr. DelSanto's medical condition is best evaluated in person, rather than through a review of medical records.

**Summary of Defendants' Review of Mr. DelSanto's Claims.**

30. Mr. DelSanto has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

31. Mr. DelSanto's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

32. The Defendants and their paper reviewers arbitrarily dismissed Mr. DelSanto's symptoms and functional limitations when they determined that Mr. DelSanto was not eligible for LTD benefits under the terms of the Plan.

33. The Defendants failed to address or evaluate the clinical findings of Mr. DelSanto's treating and evaluating physicians regarding Mr. DelSanto's symptoms, restrictions, functional limitations, and disability.

34. The Defendants failed to meet the minimum requirements for the termination of Mr. DelSanto's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

35. The Defendants have also failed to meet the Plan requirements for review of claims that have been denied.

36. The Defendants failed to provide Mr. DelSanto with a full and fair review of his claim for LTD benefits.

37. The Defendants failed to respond to Mr. DelSanto's attempts to engage in a meaningful dialogue regarding the evaluation of his claim.

38. Any discretion to which the Defendants may claim they are entitled under the Plan is negated by their failure to provide Mr. DelSanto with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

39. Defendants failed to meet the notice requirements required by ERISA's implementing regulations. In particular, Defendants' adverse determination letters failed to articulate the basis for the decision to terminate benefits, failed to contain a full discussion of why Mr. DelSanto's claim was terminated, and failed to detail the standards behind the decision.

40. Defendants failed to disclose any internal guidance available to claims representatives in evaluating Mr. DelSanto's claim despite Mr. DelSanto's repeated requests for this information, and despite the same being required to be disclosed pursuant to ERISA's implementing regulations.

41. The decision to terminate Mr. DelSanto's LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

42. LINA, NYLGBS, and New York Life were influenced by their financial conflict of interest, as both the administrator of the Plan, and the payer of benefits thereunder, when they terminated Mr. DelSanto's benefits and failed to provide him with the full and fair review of his claim required by law.

43. Due to the unlawful termination of benefits under ERISA, Mr. DelSanto has lost his rightful LTD benefits. He has also suffered emotional distress as a result of the Defendants' actions.

44. Due to the unlawful termination of benefits under ERISA, Mr. DelSanto has also lost the use of his LTD benefits.

45. Mr. DelSanto is entitled to restitution for the loss of his benefits at the Massachusetts statutory 12% interest rate.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

46. Mr. DelSanto realleges each of the paragraphs above as if fully set forth herein.

47. The Plan is a contract.

48. Mr. DelSanto has performed all of his obligations under the contract.

49. 29 U.S.C. § 1132(a) states that:

   (a) A civil action may be brought ---

   1. by a participant or beneficiary –

      A. for the relief provided for in subsection (c) of this section, or

      B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

50. The Defendants' actions constitute an unlawful termination of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

51. The Defendants unlawfully terminated Mr. DelSanto's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Mr. DelSanto's claim for LTD

benefits; and (2) denying Mr. DelSanto a full and fair review of their decision to terminate his benefits.

52. In accordance with 29 U.S.C. §1132, Mr. DelSanto is entitled to LTD benefits under the Plan based upon his disabled status from September 2018 through the present and continuing until he is no longer disabled under the terms of the Plan.

53. The Defendants have refused to provide Mr. DelSanto with his disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

54. As a direct and proximate result of this breach, Mr. DelSanto has lost the principal and the use of his rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

55. Mr. DelSanto realleges each of the paragraphs above as if fully set forth herein.

56. Under the standards applicable to ERISA, Mr. DelSanto deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

57. Defendants have the ability to satisfy the award.

58. Mr. DelSanto's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

59. The Defendants have acted in bad faith in denying Mr. DelSanto's disability benefits under the Plan.

60. The award of attorney's fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Mr. DelSanto is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Mr. DelSanto disability benefits and interest from the dates of the Defendants' breaches of contract;

(3) Order that the Defendants make restitution to Mr. DelSanto in the amount of all losses sustained by Mr. DelSanto as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Mr. DelSanto the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date: September 22, 2022                Respectfully submitted for the Plaintiff,

By:   /s/ Socorra A. DeCelle
      Socorra A. DeCelle
      BBO No. 688197
      Mala M. Rafik
      BBO No. 638075
      ROSENFELD & RAFIK P.C.
      184 High Street, Ste 503 Boston, MA 02110
      T: 617-723-7470, ext. 156
      F: 617-227-2843
      E: sad@rosenfeld.com